Battle, J.
 

 When this case was before the Court on a former occasion, we ordered the judgment, which the plaintiff had obtained in the Court below, to be reversed, and a
 
 venire de novo
 
 to be awarded for misdirection, upon the question of damages; see 3 Jones’ Rep. 300. No objection was then taken to the form of the action, and in our opinion, none can be urged with success now. The injury, for which the present action is brought, is similar to that, which is caused byponding water back upon the land of another by the erection of a mill, or other dam; and trespass, on the case, has always been considered the proper remedy in cases of that kind, when they do not come within the provisions of the act concerning mills and millers Rev. Code, ch.
 
 It.
 
 See
 
 Bryan
 
 v.
 
 Burnett,
 
 2 Jones’ Rep. 305. The case is manifestly distin
 
 *227
 
 guishable from that of
 
 Kelly
 
 v.
 
 Lett,
 
 13 Ire. Rep. 50, in which it was alleged that the plaintiff was the owner of a mill, a short distance below one occupied by the defendant on the same stream, and that the defendant wilfully,
 
 mid with m~ tent to injivre the plaintiff.\
 
 frequently shut down his gates, so as to accumulate a large head of water and then raised them, by which means, an immense volume of water was thrown, with great force, against the plaintiff’s dam and swept it away. In that case, because the act was willful, and done with a direct intent to injure the plaintiff, trespass
 
 vi et armds,
 
 and not trespass on the case, was held to be the proper remedy, and the manner in which the injury was inflicted, was compared to the firing, by the defendant, of a cannon against the plaintiff’s dam; certainly no such comparison can be made between the wrongful act complained of in that case, and the one charged in the present.
 

 The other objection, that the Judge erred in his instruction to the jury, that both parties had a right to use the plug in the hollow log as a drain to the ditch, which was common to both, no matter on which side of the dividing line the log might be, cannot avail the defendant. The remark was entirely immaterial to any question between the parties, as raised by the facts in proof, and whether correct, in point of law, or not, could not, in any way, affect the case.
 

 Per Curiam,
 

 Judgment affirmed.